## Case No. 15,327.

### UNITED STATES v. The HATTIE JACKSON.

[18 Leg. Int. 348.] [1]

District Court, S. D. New York. 1861.

PRIZE — VIOLATION OF BLOCKADE — PRESUMPTION FROM BILL OF LADING—NEUTRAL PROPERTY.

[1. If a bill of lading imports prima facie that the consignors are owners of the goods, that presumption is so feeble and inconclusive, particularly in a prize case, as to demand, under any equivocal circumstances, explanations by proofs produced on the part of the consignor.]

[2. The property of a neutral merchant, who participates with an enemy in any undertaking or device to violate a blockade, must share a common fate with that of the enemies themselves.]

[3. A vessel approaching an effectively blockaded port with intent to violate the blockade is not entitled to be warned off.]

[This was a libel against the brig Hattie Jackson and cargo to procure a condemnation for attempting to violate the blockade.]

[1] [Reprinted by permission.]

BETTS, District Judge. This vessel was captured on the high seas near Tybee light, on the coast of Georgia, by the United States steamship Union, on June 10, 1861. Bernardi Sanches appeared and claimed the vessel, but did not state his residence or citizenship. Arganequi, Gonzales & Co., of Cuba, claimed the cargo, alleging that they chartered the brig to take the cargo to Savannah, if it was not blockaded, and if it was, to some other port of the United States, and they denied any notice that Savannah was blockaded. The proofs showed that the vessel was owned by a resident of Georgia, and had been employed in sailing for him before between Savannah and Matanzas. She left Savannah on this last trip after the proclamations of April 15, 19 and 27, and May 3, 1861, were issued, and were known of by the owner and the ship's company. She sailed under the secession flag, used it in Matanzas while there, and on her trip home, till the master, fearing United States vessels, ordered the American flag to be substituted, and when the Union approached he ordered the mate to hide it.

HELD BY THE COURT: That these facts show not only that the vessel belonged to an enemy, but his purpose to navigate her as such, in defiance of the laws and the government of the country to which he owed allegiance. As to the cargo, there was some evidence that it belonged to the owner of the vessel. The bill of lading indeed consigned the cargo from the claimants to the owner of the vessel or assigns. A charter of the vessel was executed three days before the signing of the bill of lading, but does not vary the matter materially, except that it provides that the vessel was to go "to Savannah, or as near therein as she may safely get," and deliver the cargo to the charterer's agent. Held: That if the bill of lading imports prima facie that the consignors were owners of the goods, yet that intendment is so feeble and inconclusive, particularly in prize cases, as to demand in any equivocal case, explanations by proof on the part of the consignor. That the proximity of Matanzas to Savannah, and the large commercial intercourse between those ports, would leave a presumption that these parties understood the state of hostilities pending between the United States and all the ports of Georgia; that they contemplated a blockade of Savannah as then existing, and meant to provide a resource in this stipulation in case the vessel should not succeed in evading it. The neutral merchant becomes a participator with the enemy in any undertaking or device to violate a blockade, and his property is thereby made to share a common fate with the enemy's itself. The arrest of the vessel shows that the blockade was effective, and she was not entitled to be warned off, if approaching with intent to violate it. Wheat. Mar. Capt. 193, 194, 203, 207. The vessel is therefore condemned as enemy's property and because she undertook to violate the blockade. The cargo, also, is held to have

been the property of her owner, and is condemned as enemy's property; or if it belonged to the claimants, it was shipped by them to Savannah with an intent to violate the blockade, and therefore must be condemned. Decree forfeiting vessel and cargo.